Darren P.B. Rumack
THE KLEIN LAW GROUP
39 Broadway Suite 1530
New York, NY 10006
Phone: 212-344-9022
Fax: 212-344-0301
*Attorneys for Plaintiff and the putative class.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x

**PETER FEVRIER**
*Individually and on behalf of others similarly situated,*

       **Plaintiff**

v.

**MD GARDENS CORP., M & D LANDSCAPING AND GARDENING CORP., M & D NURSERY AND EQUIPMENT CORP., NICK MASTROGIULIO, GERARDO MASTROGIULIO, and CARMINE MASTROGIULIO,**

       **Defendants.**
------------------------------------------------------------------x

**COMPLAINT**
Index No.

**RULE 23 CLASS ACTION AND COLLECTIVE ACTION UNDER 29 USC § 216(b)**

**JURY TRIAL DEMANDED**

  1.  Plaintiff Peter Fevrier ("Plaintiff" or "Fevrier"), individually and on behalf of others similarly situated, alleges as follows:

## NATURE OF THE ACTION

  2.  This Action seeks the recovery of unpaid wages and related damages for unpaid overtime hours worked, on behalf of Plaintiff, individually and on behalf of other similarly situated co-workers - landscapers and other similarly situated employees (collectively

"Landscapers") – who work or have worked for MD Gardens Corp., M & D Landscaping and Gardening Corp., and M&D Nursery and Equipment Corp. (collectively "M&D"). Plaintiff seeks these damages under the applicable provisions of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").

3. M&D is owned and operated by MD Gardens Corp. M & D Landscaping and Gardening Corp., M & D Nursery and Equipment Corp., Nick Mastrogiulio, Gerardo Mastrogiulio, and Carmine Mastrogiulio (collectively "Defendants").

4. Throughout the course of Plaintiff's employment, Defendants failed to compensate its Landscapers with overtime premiums for hours worked over 40 per workweek.

5. Plaintiff and Landscapers are not exempt from the overtime pay requirements under federal or state law.

6. Defendants have failed to monitor and/or properly record the actual hours worked by its Plaintiff and Landscapers.

7. Defendants have applied the same employment policies, practices and procedures to all of its Landscapers.

8. Plaintiff brings this action on behalf of himself and all similarly situated current and former Landscapers pursuant to Federal Rule of Civil Procedure ("FRCP") 23 to remedy violations of the New York Labor Law ("NYLL"), Article 6 §§ *et seq.*, and Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

## JURISDICTION AND VENUE

9. This Court has original federal question jurisdiction under 28 U.S.C. § 1331, as this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are related in

2

this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

10. Venue is proper in this District, because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein allegedly took place in this District.

## PARTIES

### PLAINTIFF

**Peter Fevrier**

11. Plaintiff Peter Fevrier, a resident of New York State, was employed as a landscaper for Defendants from May 2013 through June 23, 2016. Plaintiff was employed by Defendants during the relevant limitations periods.

12. Plaintiff's consent to sue form is attached as Exhibit A to the Complaint.

### DEFENDANTS

13. Defendants jointly employed Plaintiff and the Landscapers at all relevant times.

14. Each Defendant has had substantial control over Plaintiff's and the Landscapers' working conditions, and over the unlawful policies and practices alleged herein.

15. Defendants are part of a single integrated enterprise that has jointly employed Plaintiff and the Landscapers at all relevant times.

16. During all relevant times, Defendants' operations are interrelated and unified.

17. During all relevant times, Defendants have been Plaintiff's employers within the meaning of the FLSA and NYLL.

**MD Gardens Corp.**

18.  MD Gardens Corp. ("MD Gardens") has co-owned and/or co-operated M&D in New York during the relevant time period.

19.  MD Gardens is a New York Corporation with its principal executive office identified as 2270 Stillwell Ave., Brooklyn, NY 11223. M&D provides its services at worksites throughout New York City.

20.  Upon information and belief, MD Gardens has an annual gross volume of sales in excess of $500,000.00.

21.  At all relevant times, MD Gardens has been and continues to be an "employer" engaged in "commerce" and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

**M & D Landscaping and Gardening Corp.**

22.  M & D Landscaping and Gardening Corp. ("M&D Landscaping") has co-owned and/or co-operated M&D in New York during the relevant time period.

23.  M&D Landscaping is a New York Corporation with its principal executive office identified as 2270 Stillwell Ave., Brooklyn, NY 11223. M&D provides its services at worksites throughout New York City.

24.  Upon information and belief, M&D Landscaping has an annual gross volume of sales in excess of $500,000.00.

25.  At all relevant times, M&D Landscaping has been and continues to be an "employer" engaged in "commerce" and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

**M & D Nursery and Equipment Corp.**

26. M & D Nursery and Equipment Corp. ("M&D Nursery") has co-owned and/or co-operated M&D in New York during the relevant time period.

27. M&D Nursery is a New York Corporation with its principal executive office identified as 2270 Stillwell Ave., Brooklyn, NY 11223. M&D provides its services at worksites throughout New York City.

28. Upon information and belief, M&D Nursery has an annual gross volume of sales in excess of $500,000.00.

29. At all relevant times, M&D Nursery has been and continues to be an "employer" engaged in "commerce" and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

**Nick Mastrogiulio**

30. Upon information and belief, Nick Mastrogiulio ("Nick") is a resident of the State of New York.

31. At all relevant times, Nick has been the co-owner of M&D.

32. Nick identifies himself as the co-owner of M&D on the company's website, which also states: "M&D Landscaping & Gardening was established by Nick Mastrogiulio."[1]

33. At all relevant times, Nick has had power over personnel decisions at M&D, including the power to hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment.

**Gerardo Mastrogiulio**

34. Upon information and belief, Gerardo Mastrogiulio ("Gerardo") is a resident of the State of New York.

35. At all relevant times, Gerardo has been the co-owner of M&D.

---

[1] http://www.mdgardens.com/About.html

36. Gerardo identifies himself as the co-owner of M&D on the company's website, which also states: "Jerry and Carmine have joined him and together they have formed two businesses: M&D Landscaping & Gardening Corp and M&D Nursery & Equipment Corp."[2]

37. According to the New York State Department of State Division of Corporations, Gerardo is listed as the CEO of M&D Landscaping and MD Gardens.

38. At all relevant times, Gerardo has had power over personnel decisions at M&D, including the power to hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment.

**Carmine Mastrogiulio**

39. Upon information and belief, Carmine Mastrogiulio ("Carmine") is a resident of the State of New York.

40. At all relevant times, Carmine has been the co-owner of M&D.

41. Carmine identifies himself as the co-owner of M&D on the company's website, which also states: "Jerry and Carmine have joined him and together they have formed two businesses: M&D Landscaping & Gardening Corp and M&D Nursery & Equipment Corp."[3]

42. According to the New York State Department of State Division of Corporations, Carmine is listed as the CEO of M&D Nursery.

43. At all relevant times, Carmine has had power over personnel decisions at M&D, including the power to hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment.

44. Defendants Nick Mastrogiulio, Gerardo Mastrogiulio, and Carmine Mastrogiulio are the owners of M&D.[4]

---

[2] http://www.mdgardens.com/About.html
[3] http://www.mdgardens.com/About.html

6

45.     All Defendants are hereinafter collectively referred to as "Defendants."

## FLSA COLLECTIVE ACTION ALLEGATIONS

46.     Plaintiffs bring the First Claim for Relief as a collective action pursuant to FLSA Section 16(b), 29 USC § 216(b), on behalf of all similarly situated non-exempt employees who were employed by Defendants on or after the date that is three years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

47.     At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines and rules willfully failing and refusing to pay them one half and one half times the employees' regular rate of pay for work in excess of (40) hours per workweek. The claims of Plaintiffs stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

48.     The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 USC § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last addresses known to Defendants and via email.

## CLASS ACTION ALLEGATIONS

49.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff bring this lawsuit as a class action on behalf of all similarly situated non-executive, non-exempt employees

---

[4] http://www.mdgardens.com/About.html

of Defendants, or who have been or are employed by Defendants within six years prior to the filing of this Complaint (the "Rule 23 Class" or the "Class").

50. **Numerosity**: The potential number of persons in the Class is so numerous that joinder of all members would be unfeasible and impractical. The disposition of their claims through this class action will benefit both the parties and this Court. The number of persons in the Class is unknown to Plaintiff at this time; however, it is estimated that the number exceeds 40 individuals.

51. **Commonality and Typicality**: The claims of Plaintiff (for non-payment of overtime pay and failure to issue the correct prevailing wage) is typical of the claims of all of the other members of the Class because all of them sustained similar injuries and damages arising out of Defendants' common course of conduct in violation of law and the injuries and damages of all of the other members of the Class were caused by Defendants' wrongful conduct as described in this Complaint.

52. **Ascertainable Class**: The proposed Class is ascertainable in that its members can be identified and located using information contained in Defendants' payroll and personnel records.

53. **Adequacy**: Plaintiff is an adequate representative of the Class; will fairly protect the interests of the other members of the Class; have no interests antagonistic to the members of the Class; and will vigorously pursue this suit via attorneys who are competent, skilled and experienced in litigating matters of this type. Class Counsel is competent and experienced in litigating large wage payment class actions.

54. **Superiority**: The nature of this action makes the use of the class action vehicle a particularly efficient and appropriate procedure to afford relief to Plaintiff and the other members of the Class for the wrongs alleged herein, as follows:

   a. This case involves a large corporate Defendant and a large number of individuals with many relatively small claims and common issues of law and fact;

   b. If each individual member of the Class was required to file an individual lawsuit, Defendants would necessarily gain an unconscionable advantage because, with its vastly superior financial and legal resources, it would be able to exploit and overwhelm the limited resources of each individual member of the Class;

   c. Requiring each individual member of the Class to pursue an individual remedy would also discourage the assertion of lawful claims by members of the Class who would be disinclined to pursue an action against Defendants because of an appreciable and justifiable fear of retaliation;

   d. The Prosecution of separate actions by the individual members of the Class, even if possible, would create a substantial risk of inconsistent or varying verdicts or adjudications with respect to the individual members of the Class against Defendants; would establish potentially incompatible standards of conduct for Defendants, would result in legal determination with respect to individual members of the Class which would, as a practical matter, be dispositive of the interest of the other members of the Class who are not parties to the adjudications; and/or would substantially

9

    impair or impede the ability of the members of the Class to protect their own interests;

e. The claims of the individual members of the Class may not be sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses thereto;

f. Furthermore, as the damages suffered by each individual member of the Class may be relatively small, the expense and burden of individual litigation would make it difficult of impossible for individual member of the Class to redress the wrongs done to them, while an important public interest will be served by addressing the matter as a class action; and

g. The costs to the court system of adjudication of such individualized litigation would be substantial.

## FACTUAL ALLEGATIONS

55. Defendants committed the following alleged acts knowingly, willfully and intentionally.

56. Defendants knew that the nonpayment of overtime pay to Plaintiff and the Landscapers would economically injure Plaintiffs and the Landscapers and violated state and federal laws.

**Peter Fevrier**

57. Plaintiff Fevrier was employed by Defendants as a landscaper from May 2013 through June 23, 2016.

58. Plaintiff would not work from mid-December through mid to late February every year. Therefore, Plaintiff would work about ten (10) months per year for Defendants.

10

59. Plaintiff performed work throughout the New York City area.

60. Plaintiff performed work for public works projects for a substantial portion of the time he worked for Defendants.

61. Throughout the course of his employment, Plaintiff generally worked between five (5) to six (6) days per week, from 7:30 am through 6:00-7:00 pm for Defendants.

62. When working on private projects, Plaintiff was paid a rate of $12.00 per hour when he began working for Defendants, and was later paid $15.00 per hour.

63. Plaintiff would also occasionally receive paystubs indicating a flat day rate of $125.00 per day.

64. Plaintiff was paid in check; however, when he worked on Saturdays, he was paid for that day of work in cash.

65. Plaintiffs and the Landscapers often worked in excess of forty (40) hours per workweek.

66. Plaintiff and the Landscapers were paid straight time for hours worked over forty (40) per week.

67. Defendants unlawfully failed to pay Plaintiff and the Landscapers one and one-half times their regular rate of pay for hours worked in excess of forty (40) hours per workweek.

68. Defendants did not compensate Plaintiff with the correct prevailing wage rate for all of the time he performed work on public works projects.

69. Plaintiff was paid at a rate of $22.25 per hour while working on public projects, even though he had more than three (3) years work experience as a landscaper.

70. Defendants did not compensate Plaintiff at time and one half the correct prevailing wage rate when he worked in excess of forty (40) hours per week.

71. Plaintiff's work on New York City projects included, but was not limited to, installing metal guards around trees on sidewalks, planting flowers, jackhammering concrete, stump grinding, fixing sidewalks, unloading trees, planting shrubs, cutting hedges and planting trees.

72. Defendants violated the New York State's Wage Theft Prevention Act because it failed to provide Plaintiff and the Landscapers with a written notice of their rate of pay and failed to keep proper payroll records as required under New York law.

73. Defendants further violated the New York Wage Theft Prevention Act because it failed to provide Plaintiff and the Landscapers with pay stubs (or wage statements) that contained all of the required information and/or accurate information.

## PLAINTIFF'S FACTUAL ALLEGATIONS OF RETALIATION

74. While still employed by Defendants, Plaintiff and some co-workers had discussed pursuing a legal action for their unpaid wages.

75. Upon information and belief, Defendant Carmine Mastrogiulio became aware of Plaintiff's intention to pursue legal action.

76. On or around June 23, 2016, Carmine called Plaintiff and pretended to be an attorney he was consulting with.

77. During this phone call, Plaintiff, believing Carmine was his attorney, relayed that he was not being paid overtime, and was considering filing a lawsuit along with other co-workers.

78. After about five (5) minutes on the phone, Carmine revealed that Plaintiff was speaking to him, not his attorney, and told Plaintiff that he was fired.

## FIRST CAUSE OF ACTION

**Fair Labor Standards Act-Overtime Wages Brought By Plaintiff on Behalf of Himself and the FLSA Collective Plaintiffs**

79. Plaintiff individually and on behalf of the FLSA Collective Plaintiffs, re-alleges and incorporates by reference all allegations in all preceding paragraphs.

80. The overtime wage provisions set forth in the FLSA, 29 USC §§ 201 *et seq.*, and the supporting federal regulations apply to Defendants and protects Plaintiff, and the FLSA Collective Plaintiffs.

81. Defendants have willfully failed to pay Plaintiff and the FLSA Collective Plaintiffs the overtime wages for hours worked in excess of forty (40) hours in a workweek.

82. As a result of Defendants' unlawful acts, Plaintiff and the FLSA Collective Plaintiffs have been deprived of overtime compensation and other wages in an amount to be determined at trial, and are entitled to the recovery of such amount, liquidated damages, attorneys' fees, costs and other compensation pursuant to the FLSA.

## SECOND CAUSE OF ACTION
**New York Labor Law-Unpaid Overtime Brought By Plaintiff on Behalf of Himself and the Rule 23 Class**

83. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

84. The overtime wage provisions of Article 19 of the New York Labor Law and its supporting regulations apply to Defendants and protect Plaintiff and the Rule 23 Class.

85. Defendants have willfully failed to pay Plaintiff and the Rule 23 Class the overtime wages for hours worked in excess of forty (40) hours in a workweek.

86. Defendants knowing or intentional failure to pay Plaintiff and the Rule 23 Class overtime wages for hours worked in excess of forty (40) hours per week is a willful violation of the New York Labor Law Article 19 § 650, *et seq.* and its supporting regulations.

87. As a result of Defendants' unlawful acts, Plaintiff and the Rule 23 Class have been deprived of overtime compensation and other wages in an amount to be determined at trial, and is entitled to the recovery of such amount, liquidated damages, attorneys' fees, pre and post judgment interest, costs and other compensation pursuant to the New York Labor Laws.

### THIRD CAUSE OF ACTION
**NYLL – Breach of Contract Brought By Plaintiff on Behalf of Himself and the Rule 23 Class**

88. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

89. Upon information and belief, the public works contracts entered into by Defendants for work performed on public works projects set forth the prevailing rates of wages and supplemental benefits to be paid to Plaintiff and similarly situated employees.

90. Defendants breached the public works contracts by failing to ensure that Plaintiff and similarly situated employees received the prevailing rates of wages and supplemental benefits for all labor performed in accordance with the contracts.

91. As a result of Defendants' breach of public works contracts, Plaintiff and the Landscapers are entitled to the difference between the prevailing wage amount, plus supplements, and wages received, plus interest, attorneys' fees and costs.

### FOURTH CAUSE OF ACTION
**Recordkeeping and Wage Theft Prevention Act Violations Brought By Plaintiff on Behalf of Himself and the Rule 23 Class**

92. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

93. Defendants failed to make, keep and preserve accurate records with respect to Plaintiff and the Landscapers, including hours worked each workday, and total hours worked each week, as required by the NYLL and its supporting regulations.

94. Defendants failed to provide Plaintiff and the Landscapers with a written notice of rate of pay as required by NYLL § 195.

95. Defendants failed to provide Plaintiff and the Landscapers with accurate wage statements as required by NYLL § 195.

96. Defendants' failure to make, keep and preserve accurate records was willful.

97. As a result of Defendants' willful and unlawful conduct, Plaintiff and the Landscapers are entitled to an award of damages, in an amount to be determined at trial, costs and attorneys' fees, as provided by NYLL § 198.

### FIFTH CAUSE OF ACTION
### FLSA Retaliation On Behalf Of Plaintiff Fevrier

98. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

99. Defendants' discovered that Plaintiff was investigating pursuing a legal action for unpaid overtime.

100. Plaintiff's actions regarding seeking recourse for his unpaid overtime is protected activity under 29 USC § 215(a)(3).

101. In response to Plaintiff's actions regarding his rights under the FLSA, Defendants retaliated against him.

102. A reasonable employee would have found each retaliatory act described herein to be materially adverse. Each retaliatory act alleged herein could dissuade a reasonable employee from making or supporting a complaint about wage and hour violations.

103. Defendants retaliated against Plaintiff, as alleged herein, in order to harass and intimidate him and to otherwise interfere with his attempts to vindicate his rights under the FLSA.

104. By engaging in the retaliatory acts alleged herein, Defendants retaliated against Plaintiff, discriminated against him, and penalized him in violation of the FLSA, 29 USC § 215(a)(3).

105. Plaintiff has suffered damages, including, but not limited to emotional distress damages and lost wages as a result of Defendants' retaliation.

106. Defendants subjected Plaintiff to such retaliation that altered the terms and conditions of their employment.

107. Plaintiff is entitled to equitable relief, monetary relief including but not limited to compensatory and other damages, reasonable attorneys' fees and costs, punitive damages and other appropriate relief.

### FIFTH CAUSE OF ACTION
**NYLL Retaliation On Behalf Of Plaintiff Fevrier**

108. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

109. Plaintiff attempted to enforce his rights under the NYLL by seeking legal advice about wage and hour violations.

110. Plaintiff's actions are protected activity under NYLL § 215.

111. In response to Plaintiff actions regarding his lack of overtime pay to protect his rights under the NYLL, Defendants retaliated against him.

112. A reasonable employee would have found each retaliatory act described herein to be materially adverse. Each retaliatory act alleged herein could dissuade a reasonable employee from making or supporting a complaint about wage and hour violations.

113. Defendants retaliated against Plaintiff, as alleged herein, in order to harass and intimidate him and to otherwise interfere with his attempts to vindicate his rights under the NYLL.

114. By engaging in the retaliatory acts alleged herein, Defendants retaliated against Plaintiff, discriminated against him, and penalized him in violation of NYLL § 215.

115. Plaintiff has suffered damages, including, but not limited to emotional distress damages and lost wages as a result of Defendants' retaliation.

116. Defendants subjected Plaintiff to such retaliation that altered the terms and conditions of their employment.

117. Notice of this claim has been served upon the Attorney General pursuant to NYLL § 215(2).

118. Plaintiff is entitled to equitable relief, monetary relief including but not limited to compensatory and other damages, reasonable attorneys' fees and costs, punitive damages and other appropriate relief.

## **PRAYER FOR RELIEF**

1. WHEREFORE, Plaintiff, individually and on behalf of the putative class prays for relief as follows:

   a. An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

b. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and New York law;

c. Designation of this action as a collective action pursuant to the FLSA on behalf of the FLSA Collective Plaintiffs and ordering the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated member of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

d. Designation of Plaintiff as a representative plaintiff of the FLSA Collective Plaintiffs;

e. Certification of this case as a class action pursuant to Rule 23 of the FRCP.

f. Designation of Plaintiff as representative of the Rule 23 Class and Counsel of record as Class Counsel;

g. Penalties available under applicable laws;

h. Costs of the action incurred herein, including expert fees;

i. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, New York Labor Law § 663 and all other applicable statutes;

j. Pre-judgment and post-judgment interest, as provided by law; and

k. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff on behalf of himself and the putative class hereby demands a jury trial on all causes of action and claims with respect to which they have a right.

Dated: New York, New York  
      May 8, 2017

Respectfully submitted,

The Klein Law Group P.C.

By: _____  
Darren P.B. Rumack  
39 Broadway, Suite 1530  
New York, NY 10006  
Phone: 212-344-9022  
Fax: 212-344-0301  
*Attorneys for Plaintiffs and the putative class.*

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of my claims in my name and on my behalf to contest the failure of M&D and/or their respective owners, affiliated companies, subsidiaries, predecessors, successors, contractors, directors, officers, franchisees, and/or affiliates to pay overtime wages, as required under state and/or federal law, and for making illegal wage deductions and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorney's fees and costs and all other matter pertaining to this lawsuit.

*Peter Feurier*     5-2-17            PETER FEURIER
Signature                Date            Printed Name