# EXHIBIT A

## SETTLEMENT AGREEMENT AND RELEASE

This Agreement and Release (the "Agreement") is entered into between PETER FEVRIER ("Plaintiff") and MD GARDENS CORP., M& D LANDSCAPING AND GARENS CORP., M&D NURSERY AND EQUIPMENT CORP., GERARDO MASTROGIULIO and CARMINE MASTROGIULIO ("Defendants").

**WHEREAS**, Plaintiff has commenced legal action (SDNY, 17-cv-03419) asserting various claims against Defendants (the "Action");

**WHEREAS**, Defendants have denied Plaintiff's material allegations in the Action and asserted various defenses;

**WHEREAS**, Plaintiff and Defendants have agreed to finally and fully settle claims that were or could have been asserted against the other upon the terms and conditions set forth herein;

**NOW THEREFORE**, in consideration of the mutual promises and covenants contained herein, it is agreed as follows:

1. Conclusion of Employment. Plaintiff's employment with Defendant is permanently concluded. No salary, severance pay, benefits, vacation pay, sick pay or other payments or additional monies beyond the sums identified as the Settlement Sum in Paragraph 3 will be made by Defendants to Plaintiff and the parties agree that no salary, benefits, or other payments beyond the Settlement Sum are owing.

2. Release. In consideration of the promises and undertakings set forth in this Agreement, Plaintiff hereby unconditionally and irrevocably releases, waives, discharges and gives up any and all Claims (as defined below) that Plaintiff has or may have against Defendants, its past and present successors, assigns, affiliated entities, and their respective past and present owners, directors, officers, agents, managers, employees, insurers, and attorneys, included, but not limited to all named defendants in the Action (together "Defendants Releasees"). "Claims" means any past and present matters, claims, demands, causes of action, and appeals of any kind-- whether at common law, pursuant to statute, ordinance or regulation, and whether arising under federal, state, local or other applicable law--that concern or relate to minimum wage and/or overtime pay, wage payments, failure to pay for all hours worked, failure to provide wage statements and/or wage notices, failure to keep appropriate timekeeping and payroll records, retaliation, or otherwise arise out of or relate to the facts, acts, transactions, occurrence, events or omissions alleged in the Action or which could have been alleged in the Action ("Released Claims"). The Released Claims include, without limitation, claims under the Fair Labor Standards Act, the New York Minimum Wage Act, New York Labor Law §§ 650 et seq., the New York Wage Payment Act, New York Labor Law §§ 190 et seq., the New York Department of Labor regulations, 12 N.Y.C.R.R. part 142, and all other statutes and regulations related to the foregoing.

3. Payments and Benefits. Defendants shall pay Plaintiff a gross settlement sum of **$6,500.00** ("Settlement Sum"). Payment shall be delivered to Plaintiff's counsel, as attorneys for Plaintiff within fourteen (14) days after the later of Plaintiff's execution and delivery of the Agreement or judicial approval of the Agreement. Payment shall be made by two separate checks, allocated as follows:

   One (1) check made out to "Peter Fevrier," for a sum of Four Thousand Three Hundred Thirty-Four Dollars ($4,334.00), less lawful withholdings, representing lost wages.

   One (1) check made out to "The Klein Law Group, as attorneys," for a sum of Two Thousand One Hundred Sixty-Six Dollars ($2,166.00), representing attorneys' fees and costs.

4. Dismissal of the Action. Simultaneous with the execution of this Agreement, Plaintiff shall execute and deliver to Defendants a Stipulation of Dismissal discontinuing the Action in its entirety, with prejudice, and with each side bearing its own fees and costs. Defendants' counsel shall hold the fully-executed stipulation in escrow and shall file after delivery of the checks referenced in Paragraph 3.

5. Severability. If any term, provision, covenant or restriction contained in this Agreement, or any part thereof, is held by a court of competent jurisdiction, or any foreign, federal, state, county or local government or any other governmental regulatory or administrative agency or authority or arbitration panel, to be invalid, void or unenforceable or against public policy for any reason, the remainder of the terms, provisions, covenants and restrictions in this Agreement shall remain in full force and effect.

6. Governing Law. This Agreement shall be governed by and enforced in accordance with the laws of the State of New York without regard to its conflicts of law principles. Plaintiff and Defendants (i) agree that any lawsuit, proceeding or action with respect to this Agreement may be brought only in a federal or state court within the State of New York, (ii) accept unconditionally, the exclusive jurisdiction of such courts, and (iii) irrevocably waive any objection, including, without limitation, any objection to the laying of venue based on the grounds of forum non conveniens, which Plaintiff and Defendants may now or hereafter have to the bringing of any lawsuit, proceeding or action in those jurisdictions.

7. Headings. The headings in this Agreement are included for convenience of reference only and shall not affect the interpretation of this Agreement.

8. Counterparts. This Agreement may be executed and delivered with facsimile or electronic signature and in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

9. <u>No Other Assurances</u>.  Plaintiff acknowledges that in deciding to sign this Agreement Plaintiff has not relied on any promises or commitments, whether spoken or in writing, made to Plaintiff by any person, except for what is expressly stated in this Agreement. This Agreement constitutes the entire understanding and agreement between Plaintiff and Defendants.

10. <u>No Admissions</u>.  This Agreement shall not be construed as an admission of fact or liability by any party. This Agreement compromises disputed claims. This Agreement and its contents shall not be admissible in any proceeding as evidence of any fact or conclusion, except only that this Agreement may be introduced in a proceeding arising from a breach of the Agreement.

11. <u>Modification.</u>  This Agreement may only be modified, altered or changed in writing, signed by the Parties.

12. <u>Signatories' Representations</u>.  The individuals affixing their signatures to this Agreement represent and warrant that they have the authority to enter into this Agreement on their own behalf and/or on behalf of the entities they represent.

Agreed to and accepted by, on this _16th_ th day of _November_, 2017

_/s/ Peter Fevrier_
PETER FEVRIER

Agreed to and accepted by, on this _6_ th day of _Nov_, 2017

MD GARDENS CORP.

ADAM C. WEISS
Notary Public, State of New York
No. 02WE6135919
Qualified in Nassau County
Commission Expires April 20, 20_18_

By: _/s/ Gerardo Mastrogiulio_ (Pres.)
Name: Gerardo Mastrogiulio
Title: Owner

3

Agreed to and accepted by, on this \_6\_ th day of \_November\_, 2017

                              M&D LANDSCAPING AND GARDENING CORP.

ADAM C. WEISS
Notary Public, State of New York
No. 02WE6135919
Qualified in Nassau County
Commission Expires April 20, 20\_18\_

By: _[signature]_ (Pres)
Name: Gerardo Mastrogiulio
Title: Owner

Agreed to and accepted by, on this \_6\_ th day of \_November\_, 2017

                              M&D NURSERY AND EQUIPMENT CORP.

ADAM C. WEISS
Notary Public, State of New York
No. 02WE6135919
Qualified in Nassau County
Commission Expires April 20, 20\_18\_

By: _[signature]_ (V, Pres)
Name: Gerardo Mastrogiulio
Title: VP

Agreed to and accepted by, on this \_6\_ th day of \_November\_, 2017

ADAM C. WEISS
Notary Public, State of New York
No. 02WE6135919
Qualified in Nassau County
Commission Expires April 20, 20\_18\_

_[signature]_
GERARDO MASTROGIULIO

Agreed to and accepted by, on this \_6\_ th day of \_November\_, 2017

_[signature]_
CARMINE MASTROGIULIO

ADAM C. WEISS
Notary Public, State of New York
No. 02WE6135919
Qualified in Nassau County
Commission Expires April 20, 20\_18\_

4

# EXHIBIT B

The Klein Law Group, P.C.
39 Broadway, Suite 1530
New York, NY 10006

**11/10/2017**

**Invoice**  **Case #** 17-00178

Peter Fevrier
400 E. 21st. Street, Apt. 7F
Brooklyn , NY 11226

| Date | Initials | Hours | Description |
|---|---|---|---|
| 04/07/2017 | DARREN | 0.25 | drafting complaint |
| 04/19/2017 | DARREN | 1.00 | drafting complaint |
| 05/02/2017 | DARREN | 0.50 | clmt in office to review complaint |
| 05/08/2017 | DARREN | 1.25 | preparing Complaint for filing and filed on PACER |
| 05/09/2017 | DARREN | 0.25 | S&C out for service |
| 05/16/2017 | XLEI | 0.86 | damage calculation |
| 05/30/2017 | DARREN | 0.25 | damages to defense counsel |
| 06/29/2017 | DARREN | 0.25 | filed stip of dismissal against Defendant Nick Mastrogiulio |
| 06/30/2017 | DARREN | 0.05 | updated clmt |
| 07/12/2017 | DARREN | 0.50 | conference call with mediator |
| 07/14/2017 | DARREN | 0.25 | drafted adjournment letter and filed w court |
| 07/19/2017 | CANDIDA | 0.02 | Office Work |
| 07/19/2017 | DARREN | 0.25 | scanned payroll documents to Adam |
| 08/21/2017 | DARREN | 0.25 | spoke to clmt |
| 08/23/2017 | DARREN | 0.25 | drafting mediation statement |
| 08/24/2017 | DARREN | 0.75 | meeting with clmt for mediation |
| 08/24/2017 | DARREN | 0.75 | drafting Mediation Statement |
| 08/30/2017 | DARREN | 0.10 | filed adjournment request for conference on ECF |
| 09/08/2017 | DARREN | 1.00 | drafting mediation statement |
| 09/13/2017 | DARREN | 1.25 | finalizing mediation statement and exhibits |
| 09/22/2017 | JONATHAN | 0.03 | correspondence with clmt |
| 09/25/2017 | DARREN | 0.50 | Conference call with Mediator |
| 09/28/2017 | DARREN | 0.05 | told client new mediation date |
| 10/04/2017 | DARREN | 0.75 | reviewed payroll documents |
| 10/10/2017 | DARREN | 0.25 | settlement discussion with employer counsel |
| 10/10/2017 | DARREN | 0.25 | reviewed offer with client |
| 10/10/2017 | DARREN | 0.50 | reviewed offers with client |
| 10/11/2017 | DARREN | 2.00 | mediation session |
| 10/19/2017 | DARREN | 0.25 | correspondence with Judge Daniels' chambers |
| 10/30/2017 | DARREN | 0.50 | reviewing settlement agreement draft |
| 11/08/2017 | DARREN | 0.05 | v/m to client |
| 11/10/2017 | DARREN | 0.50 | client in office to review and sign agreement |

The Klein Law Group, P.C.
39 Broadway, Suite 1530
New York, NY 10006

**11/10/2017**

**Invoice**       **Case #**    17-00178

Peter Fevrier
400 E. 21st. Street, Apt. 7F
Brooklyn, NY 11226

|  | **Total:** | 15.658 | $6,059.70 |
|---|---|---|---|

Please Submit with Payment  Case #  17-00178    Amount Paid: _____